UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

WAYCROSS DIVISION

| | | |
|---|---|---|
| AMY CORBITT, Individually and as | § | |
| Parent and Natural Guardian of SDC, a | § | |
| Minor; JERRY RICH, Individually; | § | |
| ELIZABETH BOWEN, as Parent and | § | |
| Natural Guardian of AMB, a Minor; and | § | |
| TONYA JOHNSON, as Parent and Natural | § | |
| Guardian of ERA, a Minor; DAMION | § | |
| STEWART, Individually and as Parent and | § | |
| Natural Guardian of JDS, a Minor, and as | § | |
| Parent and Natural Guardian of MS, a Minor; | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| vs. | § | Case No. _____ 5:16-cv-51 |
| | § | |
| COFFEE COUNTY, Georgia; DOYLE | § | |
| WOOTEN, Individually and in his Official | § | |
| Capacity as Sheriff of Coffee County; and | § | |
| MICHAEL VICKERS, Individually and in | § | |
| his Official Capacity as Deputy Sheriff of | § | |
| Coffee County, Georgia; | § | |
| | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

COME NOW, Plaintiffs in the above styled cause, individually and as Parents and Natural

Guardians, and file this complaint against the above-named Defendants, showing this Honorable

Court as follows:

1

## I. INTRODUCTION

1.

This is a civil action seeking damages against Defendant Coffee County, Georgia, Defendant Doyle Wooten, the Sheriff of Coffee County, Georgia, and Defendant Michael Vickers, a Deputy Sheriff of Coffee County, Georgia, all of which while acting under color of law, jointly and severally deprived Plaintiffs and Plaintiffs' minor children of their rights secured by the Constitution and laws of the United States, including the rights secured by the 4th and 14th Amendments to the Constitution of the United States, and as a direct and proximate result of said deprivation Defendants' negligence, gross negligence, and the wanton and willful indifference to the rights of Plaintiffs individually and the rights of Plaintiffs' minor children, caused the physical pain, suffering, mental anguish and ultimately the permanent restriction of minor SDC's use of his right leg.

## II. JURISDICTION AND VENUE

2.

This action is authorized and instituted pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 1983 under the 4th and 14th Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. §1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1391, and the aforementioned constitutional and statutory provisions.  Plaintiffs bring this suit against each of the above named defendants in both their individual and official capacities, and against Coffee County, Georgia, as the employer of each of the individual Defendants, jointly and severally.  This Court has pendant jurisdiction to hear the related claims set forth herein.

3.

As provided by 28 U.S.C. § 1391(b), venue is proper in this judicial district.  The Plaintiffs are citizens of the United States of America and residents of Coffee County, Georgia.  Plaintiffs reside in this judicial district.  This is the district in which the misconduct that is the subject of this action took place and one or more of the Defendants reside in this judicial district.

4.

This action is brought within the applicable statute of limitations as provided by O.C.G.A. § 9-3-22 and O.C.G.A. § 9-3-33.

5.

Each and every negligent, grossly negligent, wanton, willful, and reckless act of the Defendants as alleged herein below was an act by and under the color and pretense of the statutes, ordinances, regulations, law, customs and usage of Coffee County, Georgia, and by virtue and under the authority of the Defendants' employment with Coffee County, Georgia, and with the Coffee County Sheriff's Department.

III. PARTIES

6.

Plaintiff Amy Corbitt, is a citizen and resident of the City of Douglas, County of Coffee, State of Georgia and brings this action for herself personally.  Further, said Plaintiff is the natural and legal mother of SDC, a minor, and is qualified to act as the parent and natural guardian of SDC, therefore as such, said Plaintiff also brings this action on behalf of said minor.

7.

Plaintiff Jerry Rich, is a citizen and resident of the City of Douglas, County of Coffee, State of Georgia and brings this action for himself personally. Further, said Plaintiff was a minor at the time of the subject matter incident, said Plaintiff's natural and legal mother is Plaintiff Amy Corbitt and he is the older brother to SDC.

8.

Plaintiff Elizabeth Bowen, is a citizen and resident of the City of Douglas, County of Coffee, State of Georgia and is the natural and legal mother of AMB, a minor, and is qualified to act as the parent and natural guardian of AMB, therefore as such, said Plaintiff brings this action on behalf of said minor.

9.

Plaintiff Tonya Johnson, is a citizen and resident of the City of Douglas, County of Coffee, State of Georgia and is the natural and legal mother of ERA, a minor, and is qualified to act as the parent and natural guardian of ERA, therefore as such, said Plaintiff brings this action on behalf of said minor.

10.

Plaintiff Damion Stewart, is a citizen and resident of the City of Douglas, County of Coffee, State of Georgia and brings this action for himself personally. Further, said Plaintiff is the natural and legal father of two minor children, JDS, who was three years of age at the time of the subject matter incident, and MS, who was eighteen months of age at the time of the subject matter incident. Said Plaintiff is qualified to act as the parent and natural guardian of both JDS and MS, therefore as such, said Plaintiff also brings this action on behalf of said minors.

11.

Defendant Coffee County, herein referred to as "Defendant County", was at all times material hereto the governing body of Coffee County, Douglas, and was responsible for the conduct of the agents and employees of Coffee County government and the Coffee County Sheriff, including its operations, establishing customs, policies and procedures to regulate the conduct of its agents and employees of the Coffee County Sheriff and for ensuring that agents and employees of the Coffee County Sheriff obey the laws of the State of Georgia and of the United States of America.

12.

Pursuant to Rule 4(j)(2), Fed. R. Civ. P., service of process may be obtained upon Defendant County, created and established under the laws of the State of Georgia, by service upon its' Chief Executive Officer which is Tony L. Paulk I., at 224 E. Bryan Street, Douglas, Georgia 31533, and the Coffee County Administrator, Wesley Vickers, at 101 S. Peterson Avenue, Douglas, Georgia, 31533.

13.

Defendant Doyle Wooten, the Sheriff of Coffee County, Georgia, herein referred to as "Defendant Wooten", at all times mentioned herein, Defendant Wooten was the duly elected and acting Sheriff of Coffee County, Georgia, and is an employee of Coffee County and is principally responsible for the operation of the Coffee County Deputy Sheriffs and as such was the operating entity and was responsible for establishing customs, policies and procedures to regulate the conduct of agents and employees of the Coffee County Sheriff Department, and for ensuring that agents and employees of the Coffee County Sheriff Department obey the laws of the State of

Georgia and of the United States of America.  Defendant Wooten can be served at his office located at 825 Thompson Drive, Douglas, Georgia, 31535.

14.

Defendant Michael Vickers, a Deputy Sheriff of Coffee County, Georgia, herein referred to as " Defendant Vickers", at all times mentioned herein, Defendant Vickers was a duly appointed and acting Deputy Sheriff of the Coffee County Sheriff's Department in Coffee County, Georgia, and as such was charged with the responsibility of protecting the rights of citizens.  Defendant Vickers can be served at his office located at 825 Thompson Drive, Douglas, Georgia, 31535.

15.

Defendant Wooten, his agents and employees, and Defendant Coffee County, Georgia, acting through its employees and officials, breached the duties arising from and contained within O.C.G.A. § 34-7-20, where they failed to exercise ordinary care in the employment of Defendant Vickers as a deputy sheriff and are therefore liable for the deprivation of Plaintiffs' rights and the rights of their children.

16.

The Defendants herein named knowingly participated or acquiesced in, contributed, to, encouraged, implicitly authorized or approved of the conduct described below individually and in their official capacities.

17.

The offenses described herein resulted from the failure of Coffee County and its agents and employees to employ qualified persons for positions of authority and to properly or conscientiously train and supervise the conduct of such persons after their employment and or to promulgate

appropriate operating policies and procedures either formally or by custom to protect the constitutional rights of the citizens of Coffee County and the rights of Plaintiffs.

## IV. DEPRIVATION OF RIGHTS

The actions of Defendants resulted in the following:

a)   The deprivation of Plaintiffs and their minor children's right to be free from excessive use of force as guaranteed by the law and the Constitution of the United States, via the 4th and 14th Amendments;

b)   The deprivation of Plaintiffs' and their minor children's right to be free from assault and battery, as provided for by the laws of the State of Georgia;

c)   The deprivation of Plaintiffs' and their minor children's right to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures as provided by the Constitution of the United States via the 4th Amendment and as secured by the Constitution of the State of Georgia Article I, Section I, Paragraph I, the right to life, liberty, and property.

d)   The deprivation of Plaintiffs and their minor children's right to equal protection of their person and property as secured by the Constitution of the United States via the 14th Amendment and by the Constitution of the State of Georgia Article I, Section I, Paragraph II:  "Protection to person and property is the paramount duty of government and shall be impartial and complete.  No person shall be denied the equal protection of the laws."

e)   42 U.S.C. § 1983, 4th Amendment Violations under Color of Law.

## IV. FACTS

### 18.

Defendants through their actions, or in some cases through their failure to act in the face of a clear duty to do so, have deprived Plaintiffs and Plaintiffs' minor children of their rights under the 4th and 14th Amendments to the United States Constitution provided under 42 U.S.C. § 1983, by acting under the color of state law provision 18 U.S.C. § 242.  Defendants are personally subject to the jurisdiction of this Court under 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

### 19.

Sovereign immunity does not apply pursuant to O.C.G.A. § 36-33-1(b), which states that counties and municipalities shall be liable "for neglect to perform or improper or unskillful performance of their ministerial duties."

### 20.

Although an Ante Litem Notice as provided by O.C.G.A. § 36-33-5 is not required for claims under 42 U.S.C. § 1983, Plaintiffs have served Defendants' with such notice dated June 30, 2015, via the United States Postal Service, Certified Mail No. 7012 1010 0003 3488 5777 5784, and Certified Mail No. 7012 1010 0003 3488 5777, on July 1, 2015.  A copy of said notice and certified mail receipt is attached hereto and marked "Plaintiffs' Exhibit A".

### 21.

Upon information and belief, Defendant Vickers was hired by Coffee County Sheriff, Defendant Wooten.  Both Defendants were employees and agents of the Coffee County Sheriff's Department at the time of the incident described herein.

22.

The claims set forth in this Complaint arise out of Defendant Vickers deliberately, unreasonably, negligently, and unlawfully discharging his firearm twice, ultimately shooting SDC, a minor and natural child of Plaintiff Amy Corbitt, in the back of the leg during an encounter on July 10, 2014.

23.

On July 10, 2014, Defendant Vickers, along with other officers of the Coffee County Sheriff's Department and agents of the Georgia Bureau of Investigation, participated in an operation to apprehend a criminal suspect, Christopher Barnett, whom Plaintiffs have never met. Said operation commenced upon property located at or near 145 Burton Road, Lot 19, Douglas, Coffee County, Georgia, at the mobile home and residence of Plaintiff Amy Corbitt, the minor child SDC, and Plaintiff Jerry Rich, in pursuit of said Christopher Barnett, who had wandered into the area.

24.

Defendants and fellow officers entered Plaintiff's property at 145 Burton Road, Lot 19, and demanded all persons in the area, including the children, to get down on the ground.  Other than the suspect, one adult citizen, Plaintiff Damion Stewart was on the property outside the residence with his two children JDS and MS, both under the age of three years.  While complying with the demands of the officers, Plaintiff Stewart was brutally handcuffed in the presence of his small children and the barrel of a gun was placed in his back.  Others located on the property outside the said residence included, Plaintiff Jerry Rich, a minor at the time the incident, Plaintiff Amy Corbitt's minor child, SDC, Plaintiff Elizabeth Bowen's minor child AMB, and Plaintiff Tonya Johnson's minor ERA.  Inside the residence included one adult, Plaintiff Amy Corbitt, and two additional minors, JVR and ST.

25.

Plaintiff Damion Stewart's children were left to roam the street adjacent to the property screaming and crying while witnessing their father being handcuffed with a gun in his back.  The officers outnumbered the children, all of which remained seized by deadly firearms aimed to kill.  These children were frightened and ultimately traumatized by these events.   At no time did Plaintiffs or their children feel secure in their persons or free to leave nor did Plaintiffs or their children feel protected whatsoever by Defendants.  It is the contentions of the Plaintiffs' that under similar circumstances no reasonable person would feel secure, free to leave, or protected whatsoever by Defendants.

26.

The question is "not whether the citizen perceived that he was being ordered to restrict his movement, but whether the officer's words and actions would have conveyed that to a reasonable person." *California v. Hodari D.*, 499 U.S. 621, 628 (1991). When the subject of the alleged seizure is a minor, the question is whether a reasonable child of the plaintiff's same age and maturity would have "believed he was free to leave." *Doe v. Heck*, 327 F.3d 492, 510 (7th Cir.2003); see also *Jones v. Hunt*, 410 F.3d 1221, 1226 (10th Cir. 2005). If not, he is "seized" within the meaning of the 4th Amendment.

27.

The remaining minors located at the scene and outside of the residence were held at gun point, each having an officer forcefully shove the barrel of a loaded gun into their backs.  These children feared for their lives and have been stripped of their confidence in the justice system.

28.

While the children were lying on the ground obeying the orders of Defendant Vickers, said Defendant unreasonably, maliciously, negligently, and without necessity or any immediate threat or cause, discharged his firearm at the family pet named "Bruce" twice.  The first shot missed the animal, who retreated under the residence.  At no time during the interim did Defendant Vickers ask someone to restrain the animal and at no time did any other agent or employee of Coffee County attempt to restrain or subdue the animal.  Approximately eight to ten seconds elapsed since the first shot and Defendant Vickers then discharged his firearm at Bruce a second time as it was approaching his owners.  He again missed the animal and struck Plaintiff Amy Corbitt's minor child, SDC, in the back of his right knee.

29.

At the time of his injury, SDC was readily viewable to Defendant Vickers.  In fact, SDC was approximately eighteen inches from Defendant Vickers, lying on the ground, face down, pursuant to the orders of said Defendant.  Other minor children were also within only a few feet of Defendant Vickers.  No officer or agent at the scene was required to discharge a firearm.  With a large number of innocent bystanders, mostly children in the immediate area, no use of force should have been used aside from the arrest and physical restraint of Christopher Barnett, who was visibly unarmed and readily compliant with Defendants.  No agent or employee at the scene had the need to shoot at the family pet, nor did anyone appear to be threatened by its presence.

30.

The 14th Amendment provides that a state shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The 14th Amendment protects against certain deprivations of people's property, and "property" encompasses people's pet cats and dogs. *Maldonado v. Fontanes*, 568 F.3d 263 (1st Cir. 2009).

31.

Upon information and belief, the above-described use of force was grossly negligent and was in violation of Plaintiffs' rights as secured by the statutes and Constitution of the United States, and those of the State of Georgia.  Further, these violations of Plaintiffs' rights proximately resulted in serious injury to SDC, including without limitation, mental and physical pain and suffering.  Plaintiffs contend that the conduct of Defendants, and each of them individually and severally, was of such an intentional, fraudulent, malicious or reckless nature as to warrant the imposition of punitive damages under Federal and State law.

32.

At no time was there any cause or reason for the unwarranted and negligent shooting of SDC, who was only ten years of age and who offered no hindrance or obstruction to the efforts of Defendant Vickers and others during the apprehension of Cristopher Barnett, a person believed to have been attempting to evade lawful capture.  Further, at no time did SDC, or any other children assembled at that time or place, present any threat or danger to provoke Defendant Vickers to fire two shots, one of which struck SDC, who was following all instructions demanded by Defendants. SDC was in fact lying in a prone, face down, position on the ground at the request of Defendants.

33.

SDC was treated for physical injuries caused by the gunshot wound, at Coffee Regional Medical Center and the University Medical Center in Savannah, Georgia.  It was confirmed by imaging that SDC suffered a serious gunshot wound to his right leg in the knee vicinity.  Imaging also confirmed multiple bullet fragments throughout the area of the wound.  SDC suffered not only severe pain from the gunshot wound, but has also experienced mental trauma and problems since

the shooting and will continue to experience severe physical and mental pain and suffering throughout the foreseeable future. Plaintiff Amy Corbitt, as parent and natural guardian of SDC, has been damaged by the past and future medical costs involved herein, together with fright over the treatment of SDC by Defendants.

34.

SDC is currently under evaluation by an orthopedic surgeon for the removal of several bullet fragments that remain in his leg and preventing the area from healing properly. SDC was unable to attend the Coffee County public school system immediately following the shooting from fear for his safety. Plaintiff Amy Corbitt has incurred the additional expense of homeschooling SDC.

35.

Prior to said operation Defendant Vickers, along with several other agents and employees of Defendant County, attended a briefing to discuss the alleged whereabouts and apprehension of suspect Christopher Barnett. The initial plan of action stated during the brief was to watch the area via helicopter surveillance and for a canine team to track the suspect and set up a perimeter.

36.

Defendant Vickers and two other agents and employees of Defendant County drove an unmarked undercover vehicle by the residence located at 145 Burton Road, Lot 19, Plaintiff Amy Corbitt's residence, for visual observations twice prior to their decision to approach the property. *Moreland v. Las Vegas Metro. Police Dep't.*, 159 F.3d 365, 3373 (9th Cir. 1998). As the Sixth Circuit has stated: In situations wherein the implicated state, county, or municipal agent(s) are

afforded a reasonable opportunity to deliberate various alternatives prior to electing a course of action their actions will be deemed conscience-shocking if they were taken with "deliberate indifference" towards the plaintiffs' federally protected rights.


37.

Upon surveillance of said residence, Defendant Vickers and other agents and employees of Defendant County reassembled to discuss the next course of action, "the plan of action was to pull up in the yard, approach the residence and put everyone on the ground that was outside of the residence", per Georgia Bureau of Investigation Region 12 Investigative Summary of the interview conducted with Sheriff Deputy Jared Vickers dated July 10, 2014.


38.

Upon information and belief, Defendant Vickers' has an extensive history of using unnecessary excessive force of which Defendant Wooten is and was at the time of the subject matter incident aware of.  Defendant Vickers' extensive prior excessive force record includes approximately ten separate occurrences in the immediate three years prior to the subject matter incident, the most recent of which was when Defendant Vickers shot and killed a dog during the execution of a search warrant on or about one month prior to the instant case.


39.

Upon information and belief, Defendant Wooten, acting by and through his agents, employees, and officials, has breached his duties arising from and contained within O.C.G.A. § 34-7-20, where he failed to exercise ordinary care in the employment of Defendant Vickers as a Deputy Sheriff, and his failure to adequately train said Defendant.  Defendant Wooten was aware of Defendant Vickers' prior history of using unwarranted force as a police officer.

40.

Defendant Wooten is liable for the breach of O.C.G.A. § 34-7-20, and for the shooting of SDC.  At all pertinent times Defendant Wooten failed to provide adequate training and instruction as to the care and responsibility required for the safety of bystanders generally when effecting the arrest of criminal suspects, nor did he provide adequate training and instruction on alternative means of handling animals if perceived as a threat.

41.

At all times during the operation conducted on Plaintiff's property, Defendant Vickers was equipped with a Taser and pepper spray.  Instead of using such as an appropriate alternative means to subdue Bruce, Defendant Vickers recklessly endangered the safety of several citizens, including minor children, in an effort to shoot the family pet, and as a direct and proximate cause of Defendants' violations of Plaintiffs' rights, SDC suffered damages including but not limited to, physical and emotional pain and suffering and loss of enjoyment of life.

42.

Defendant Vickers, while acting under color of law, unlawfully and without due process of law, deprived the Plaintiffs of the securities, rights, privileges, liberties, and immunities secured by the Constitution of the United States of America.  Defendant Vickers wantonly, intentionally, knowingly, recklessly, and excessively used unnecessary force without any reasonable justification or probable cause.

43.

In his official capacity as a law enforcement officer, under color of state law, and acting within the ordinary course and scope of his employment, or, alternatively, in his individual

capacity, Defendant Vickers shot at Plaintiff's family pet a second time, ultimately striking SDC without any legal right to do so.  *Altman v. City of High Point*, 330 F.3d 194 (4th Cir. 2003), establishes, privately owned pet dogs do qualify as property, such that pets are "effects" under the seizure clause of the 4th Amendment. Id. at 202-04.

44.

Defendants knew or should have known that the officers did not have the legal right to shoot at Bruce, when Bruce posed no threat, and that other non-lethal measures and equipment were readily available and had been or could have been deployed prior to the decision to shoot at the dog.

45.

Defendant County and Defendant Wooten were fully aware that more than one of its agents and employees had previously shot and killed a companion animal, and still failed to act to provide any specific policy, training, supervision, or oversight to protect the property rights of its citizens against having their companion animals unlawfully, needlessly, or unjustifiably killed or injured by its employees.

46.

Defendants had specific knowledge of custom or practice and exhibited a deliberate indifference to the unreasonable risk of property damage or loss, which said practice posed.  A "custom, or usage, of [a] State" for § 1983 purposes "must have the force of law by virtue of the persistent practices of state officials." *Adickes v. S.H. Kress Co.*, 398 U.S. 144, 167, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

47.

Defendants knew that animals were at risk from county employees, including its police officers.  Despite more than one recent prior shooting of a pet by Defendant Vickers and more than one recent prior shooting of a pet by Deputies having occurred, Defendant County persistently failed to put in place or implement any plan to prevent such occurrences by employees of Defendant County.

48.

Acting under color of law and pursuant to official policy, custom or widespread practice, Defendant Vickers, recklessly or with deliberate indifference and callous disregard of Plaintiff's rights, and the rights of dog owners, discharged his firearm in the immediate vicinity of several innocent minor children and bystanders.  Defendant County and Defendant Wooten failed to instruct, supervise, control, equip, train, or discipline on a regular and continuing basis, police officers in their duties to refrain from unlawfully shooting at animals and using excessive force against family pets that pose no immediate danger.

49.

Defendant Wooten and Defendant Vickers, prior to this incident, knew that shooting a family pet without justification was a violation of the pet owner's property rights protected by the United States Constitution and as a direct and proximate result of such conduct, SDC, a minor child, has been damaged in various respects including, but not limited to suffering severe mental and physical anguish due to the egregious nature of the Defendants' actions and inactions, all attributable to the deprivation of his constitutional and statutory rights guaranteed by the 4th Amendment of the Constitution of the United States and protected under 42 U.S.C. § 1983.

50.

Defendant Wooten and Defendant Vickers had an affirmative duty to prevent, or aid in preventing, the commission of such wrongs and instead, knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiffs' rights and the rights of the Coffee County citizens, these defendants failed and refused to do so resulting in the shooting of a minor.  A reasonable officer would have understood that it was unlawful for him to destroy a citizen's personal property in the absence of a substantial public interest that would be served by the destruction. *Brown v. Muhleberg TP*, 269 F.3d 205, 211 (3d Cir. 2001).

## V. CONCLUSION

51.

Specifically, Plaintiff Amy Corbitt, Individually and as Parent and Natural Guardian of minor SDC, seeks to recover damages in the amount of $2,000,000.00 for special and compensatory damages as provided by O.C.G.A. § 51-12-7, for necessary expenses consequent to the injury of said minor, including future medical expense.  In addition thereto, said Plaintiff seeks recovery for pain and suffering, emotional distress, permanent disfigurement, and punitive damages, in an amount determined by the jury.

52.

For the reasons stated herein, Plaintiffs jointly and severally seek recovery against Defendants, jointly and severally, for special and compensatory damages in addition to general and punitive damages.

WHEREFORE, Plaintiffs pray that this Honorable Court:

a)      Issue process and allow all Defendants to be served as required by law;

b)      That this Court enter an Order granting the Plaintiffs a judgement for special and compensatory damages in addition to punitive damages, against the Defendants, jointly and severally in the following amounts:

   1)      Plaintiff Amy Corbitt, Individually and as Parent and Natural Guardian of minor SDC, seeks damages in the amount of $2,000,000.00 00, in addition to punitive damages in an amount to be determined by the jury as above stated;

   2)      Plaintiff Jerry Rich, Individually, seeks damages in the amount of $500,000.00 in addition to punitive damages in an amount to be determined by the jury;

   3)      Plaintiff Elizabeth Bowen, as Parent and Natural Guardian of minor AMB, seeks damages in the amount of $500,000.00, in addition to punitive damages in an amount to be determined by the jury;

   4)      Plaintiff Tonya Johnson, as Parent and Natural Guardian of minor ERA, seeks damages in the amount of $500,000.00, in addition to punitive damages in an amount to be determined by the jury;

   5)      Plaintiff Damion Stewart, Individually and as Parent and Natural Guardian of minors JDS and MS, seeks damages in the amount of $500,000.00, in addition to punitive damages in an amount to be determined by the jury.

c)      That this Court enter an Order granting the Plaintiffs, jointly and severally, a judgment against Defendants, jointly and severally, for punitive damages, in an amount determined by the jury;

d)      That this Court enter an order granting attorney's fees to the Plaintiffs in accordance with the Court's authority under Georgia Law and by virtue of 42 U.S.C. § 1988, and such other and further relief as this Court deems just and equitable;

e)      That in accordance with the Federal Rules of Civil Procedure, that the Plaintiffs be granted a trial by jury on all issues;

f)      Award such other, further, special, extraordinary and general relief as to which the Plaintiffs are entitled under the circumstances of this cause and as to this Court is deemed just and proper.

PLAINTIFFS DEMAND TRIAL BY JURY.

LAW OFFICE OF BEN B. MILLS, JR.

By: /s/ Ben B. Mills, Jr.
Ben B. Mills, Jr., Attorney for Plaintiffs
Georgia State Bar No. 509500
P.O. Box 408, Fitzgerald, Georgia 31750
(229) 423-4335
benmills@millslawfirm.net