IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| AMY CORBITT, Individually and as Parent | * | |
| and Natural Guardian of SDC, a Minor; | * | |
| JERRY RICH, Individually; ELIZABETH | * | |
| BOWER, as Parent and Natural Guardian of | * | |
| AMB, a Minor; and TONYA JOHNSON, as | * | |
| Parent and Natural Guardian of ERA, a Minor; | * | |
| DAMION STEWART, Individually and as | * | |
| Parent and Natural Guardian of JDS, a Minor; | * | |
| and as Parent and Natuaral Guardian of MS, | * | |
| a Minor, | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Case Number: 5:16-cv-51 |
| | * | |
| COFFEE COUNTY, GEORGIA; DOYLE | * | |
| WOOTEN, Individually and in his Official | * | |
| Capacity as Sheriff of Coffee County; and | * | |
| MICHAEL VICKERS, Individually and in | * | |
| his Official Capacity as Deputy Sheriff of | * | |
| Coffee County, Georgia, | * | |
| | * | |
| Defendants | * | |

## ANSWER AND DEFENSES OF COFFEE COUNTY, GEORGIA, DOYLE WOOTEN, and MICHAEL VICKERS

COME NOW Coffee County, Georgia, Doyle Wooten, and Michael Vickers and file this

their Answer and Defenses to plaintiffs' Complaint, and state, as follows:

**Disclosure Statement**
**S. D. Ga. LR 7.1.1**

The undersigned, counsel of record for defendants, certifies that the following is a full and

complete list of the parties in this action:

NAME                                    IDENTIFICATION & RELATIONSHIP

Amy Corbitt                             Plaintiff

| | |
|---|---|
| Jerry Rich | Plaintiff |
| Elizabeth Bowen | Plaintiff |
| Tonya Johnson | Plaintiff |
| Damion Stewart | Plaintiff |
| Coffee County, Georgia | Defendant |
| Doyle Wooten | Defendant |
| Michael Vickers | Defendant |

The undersigned further certifies that the following is a full and complete list of officers, directors or trustees of the above-identified parties:

COFFEE COUNTY BOARD OF COMMISSIONERS:

| | |
|---|---|
| Johnny Wayne Jowers | Chairman |
| Oscar Paulk | Vice-Chairman |
| Jimmy Kitchens | Commissioner |
| A. J. Dovers | Commissioner |
| Charles H. Deen | Commissioner |

The undersigned further certifies that the following is a full and complete list of other persons, firms, partnerships, corporation and organizations that have a financial interest in, or another interest which could be substantially affected by, the outcome of this case (including a relationship as a parent or holding company or similar relationship):

The Association of County Commissioners of Georgia - Interlocal Risk Management Agency ("ACCG-IRMA").

-2-

## FIRST DEFENSE

The allegations of the plaintiffs' Complaint fail to state a claim upon which relief may be granted against these defendants.

## SECOND DEFENSE

Coffee County, Georgia is not liable for the actions of law enforcement officers working for the Sheriff of Coffee County, Georgia.

## THIRD DEFENSE

Sheriff Wooten and Deputy Vickers, in their official capacities, are entitled to Eleventh Amendment immunity from suit with regard to plaintiffs' claims.

## FOURTH DEFENSE

Sheriff Wooten and Deputy Vickers, in their official capacities, are not persons pursuant to 42 U.S.C. § 1983 and cannot be sued.

## FIFTH DEFENSE

Plaintiffs' claims are barred by their failure to serve a valid summons upon any of these defendants within the time provided by FRCP 4.  Thus, this Court is without personal jurisdiction over any of these defendants.

## SIXTH DEFENSE

Some or all of plaintiffs' claims are barred by the applicable statute of limitations.

## SEVENTH DEFENSE

With regard to any state law claims set forth, Coffee County, Georgia, and the other defendants, in their official capacities, are entitled to sovereign immunity from suit.

## EIGHTH DEFENSE

With regard to any claims under state law against any defendant in their individual capacity, those defendants are entitled to official immunity from suit.

## NINTH DEFENSE

The Georgia Constitution does not provide plaintiffs with a claim for money damages.

## TENTH DEFENSE

Plaintiffs' failure to identify any class based animus or to plead such class based animus defeats plaintiffs' equal protection claim.

## ELEVENTH DEFENSE

The defendants, in their individual capacities, are entitled to qualified immunity from suit.

## TWELFTH DEFENSE

Under the allegations and facts of this matter, no plaintiff or child of any plaintiff, was seized.

## THIRTEENTH DEFENSE

Responding to the individually numbered paragraphs of the plaintiffs' Complaint, these defendants respond, as follows:

**NOTE:**        Contrary to the requirements of FRCP 8, plaintiffs' Complaint is neither short, nor plain, in trying to set forth a statement for relief.  Responding with multi-sentence paragraphs is an impractical way to plead such allegations and does not meet the requirements of FRCP 8. Accordingly, defendants may respond to a paragraph containing multiple sentences with a consolidated response to the paragraph, as opposed to each individual sentence.

## I.  Introduction

1.      Paragraph 1 of plaintiffs' Complaint sets forth a narrative description of the type of action plaintiffs are apparently trying to assert.  Defendants respond by stating that they deny plaintiffs are entitled to any relief whatsoever as alleged therein.

## II.  Jurisdiction and Venue

2.      With regard to paragraph 2 of plaintiffs' Complaint, these defendants state that as a result of plaintiffs' failure to timely serve any defendant with a summons as required by FRCP 4 (i.e., within ninety (90) days of the filing of plaintiffs' Complaint), this action is not authorized as alleged and the Court lacks personal jurisdiction with regard to these defendants.  Further, to the extent plaintiffs' claims are barred by Eleventh Amendment immunity against some of these defendants, the Court lacks subject matter jurisdiction over this matter.

3.      With regard to the allegations in paragraph 3 of plaintiffs' Complaint, such allegations are denied for the reasons set forth in response to paragraph 2 of plaintiffs' Complaint.  By way of further response, these defendants admit that they reside in this judicial district.

4.      With regard to the allegations in paragraph 4 of plaintiffs' Complaint, these defendants deny such allegations for the reasons set forth in their response to paragraph 2 of plaintiffs' Complaint, as no defendant has been served with a valid summons in this action and the statute of limitations has expired.

5.      The allegations in paragraph 5 of plaintiffs' Complaint are denied.

## III.  Parties

6.      These defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 6 of the plaintiffs' Complaint.

7.     These defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 7 of the plaintiffs' Complaint.

8.     These defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 8 of the plaintiffs' Complaint.

9.     These defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 9 of the plaintiffs' Complaint.

10.     These defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 10 of the plaintiffs' Complaint.

11.     The allegations in paragraph 11 of plaintiffs' Complaint are denied, as worded.

12.     With regard to the allegations in paragraph 12 of plaintiffs' Complaint, these defendants state that such allegations set forth a legal conclusion to which no response is required at this time.  However, by way of further response, these defendants deny that any service was timely made upon any defendant for the reasons stated in their response to paragraph 2 of plaintiffs' Complaint.

13.     With regard to the allegations in paragraph 13 of plaintiffs' Complaint, these defendants admit that Doyle Wooten is the duly elected Sheriff of Coffee County, Georgia, but deny that Sheriff Wooten is an employee of Coffee County, Georgia.  Rather, he is a constitutionally elected officer acting as an arm of the state in carrying out his law enforcement responsibilities.  As a result, the remainder of the allegations in paragraph 13 of plaintiffs' Complaint are denied, as worded.

14.     The allegations in paragraph 14 of plaintiffs' Complaint are denied, as worded, inasmuch as Coffee County Sheriff's Department is a non-legal entity having no legal recognition

under Georgia or federal law.  By way of further response, these defendants admit that Deputy

Vickers was a Deputy Sheriff and that he could be served at the address located, but that no such

valid service was made upon him for the reasons set forth in these defendants' response to paragraph

2 of plaintiffs' Complaint.

15.     These defendants deny the allegations in paragraph 15 of plaintiffs' Complaint.

16.     These defendants deny the allegations in paragraph 16 of plaintiffs' Complaint.

17.     These defendants deny the allegations in paragraph 17 of plaintiffs' Complaint.

<u>IV.  Deprivation of Rights</u>

Section IV, contained on page 7 of plaintiffs' Complaint, is denied in its entirety.

<u>IV.  Facts</u>

18.     These defendants deny the allegations in paragraph 18 of plaintiffs' Complaint.

19.     These defendants deny the allegations in paragraph 19 of plaintiffs' Complaint.

20.     These defendants deny the allegations in paragraph 20 of plaintiffs' Complaint, as

worded.

21.     These defendants deny the allegations in paragraph 21 of plaintiffs' Complaint.

22.     These defendants deny the allegations in paragraph 22 of plaintiffs' Complaint.

23.     With regard to the allegations in paragraph 23 of plaintiffs' Complaint, the allegations

are denied, as worded as Michael Vickers was the only Sheriff's Deputy present during the

operation.  With regard to the remainder of the allegations in paragraph 23 of plaintiffs' Complaint,

these defendants are without sufficient information or knowledge to admit or deny such allegations.

24.     With regard to paragraph 24 of plaintiffs' Complaint, the first sentence thereof is denied, as worded.  The remainder of the allegations in paragraph 24 of plaintiffs' Complaint are such that these defendants can neither admit nor deny them for lack of sufficient information.

25.     These defendants are without sufficient information or knowledge to admit or deny the allegations in paragraph 25 of plaintiffs' Complaint.

26.     The allegations in paragraph 26 of plaintiffs' Complaint purport to quote and/or paraphrase legal authorities.  These defendants state that the legal authorities cited therein shall speak for themselves.

27.     These defendants deny the allegations in paragraph 27 of plaintiffs' Complaint.

28.     With regard to the allegations in paragraph 28 of plaintiffs' Complaint, these defendants deny the allegations in the first sentence of paragraph 28.  With regard to the remainder of the allegations in paragraph 28 of plaintiffs' Complaint, these defendants deny such allegations, as worded and further state that the aggressive dog approached Deputy Vickers.

29.     These defendants deny the allegations in paragraph 29 of plaintiffs' Complaint.

30.     The allegations in paragraph 30 of plaintiffs' Complaint purport to quote and/or paraphrase legal authorities.  These defendants state that the legal authorities cited therein shall speak for themselves.

31.     These defendants deny the allegations in paragraph 31 of plaintiffs' Complaint.

32.     These defendants deny the allegations in paragraph 32 of plaintiffs' Complaint.

33.     Defendants deny the final sentence of paragraph 33 of plaintiffs' Complaint.  These defendants are without sufficient information or knowledge to admit or deny the remaining allegations in paragraph 33 of plaintiffs' Complaint.

34.     These defendants are without sufficient information or knowledge to admit or deny the allegations in paragraph 34 of plaintiffs' Complaint.

35.     With regard to the allegations in paragraph 35 of plaintiffs' Complaint, these defendants admit the first sentence thereof and state that they are without sufficient information or knowledge regarding the allegations in the second sentence thereof.

36.     With regard to the allegations in paragraph 36 of plaintiffs' Complaint, such allegations are denied.

37.     The allegations in paragraph 37 of plaintiffs' Complaint are denied, as worded.

38.     The allegations in paragraph 38 of plaintiffs' Complaint are denied.

39.     The allegations in paragraph 39 of plaintiffs' Complaint are denied.

40.     The allegations in paragraph 40 of plaintiffs' Complaint are denied.

41.     The allegations in paragraph 41 of plaintiffs' Complaint are denied.

42.     The allegations in paragraph 42 of plaintiffs' Complaint are denied.

43.     The allegations in paragraph 43 of plaintiffs' Complaint are denied.

44.     The allegations in paragraph 44 of plaintiffs' Complaint are denied.

45.     The allegations in paragraph 45 of plaintiffs' Complaint are denied.

46.     The allegations in paragraph 46 of plaintiffs' Complaint are denied.

47.     The allegations in paragraph 47 of plaintiffs' Complaint are denied.

48.     The allegations in paragraph 48 of plaintiffs' Complaint are denied.

49.     The allegations in paragraph 49 of plaintiffs' Complaint are denied.

50.     The allegations in paragraph 50 of plaintiffs' Complaint are denied.

<u>V.  Conclusion</u>

51.      The allegations in paragraph 51 of plaintiffs' Complaint are denied.

52.      The allegations in paragraph 52 of plaintiffs' Complaint are denied.

Any allegations in the plaintiffs' Complaint which have not previously been admitted, denied, or otherwise responded to hereon are hereby denied.

**WHEREFORE**, defendants pray as follows:

(a)      That their Answer and Defenses be inquired into and sustained;

(b)      That the plaintiffs' Complaint be dismissed, and that all relief requested therein be denied;

(c)      For any and all other relief the Court deems just or proper.

This twenty-fifth day of October, 2016.

/s/ Richard K. Strickland
Richard K. Strickland
Georgia State Bar Number: 687830
BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue (31520)
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX
rstrickland@brbcsw.com

**ATTORNEY FOR DEFENDANTS**

-10-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| AMY CORBITT, Individually and as Parent | * |
| and Natural Guardian of SDC, a Minor; | * |
| JERRY RICH, Individually; ELIZABETH | * |
| BOWER, as Parent and Natural Guardian of | * |
| AMB, a Minor; and TONYA JOHNSON, as | * |
| Parent and Natural Guardian of ERA, a Minor; | * |
| DAMION STEWART, Individually and as | * |
| Parent and Natural Guardian of JDS, a Minor; | * |
| and as Parent and Natuaral Guardian of MS, | * |
| a Minor, | * |
| | * |
| Plaintiffs | * |
| | * |
| v. | * Case Number: 5:16-cv-51 |
| | * |
| COFFEE COUNTY, GEORGIA; DOYLE | * |
| WOOTEN, Individually and in his Official | * |
| Capacity as Sheriff of Coffee County; and | * |
| MICHAEL VICKERS, Individually and in | * |
| his Official Capacity as Deputy Sheriff of | * |
| Coffee County, Georgia, | * |
| | * |
| Defendants | * |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served all parties in this case in accordance with the

directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of

electronic filing.

Submitted this twenty-fifth day of October, 2016.

/s/ Richard K. Strickland
Richard K. Strickland
Georgia Bar Number: 687830
Attorney for Defendants

BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX