UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| AMY CORBITT, Individually and as Parent and Natural Guardian of SDC, a Minor; JERRY RICH, Individually; ELIZABETH BOWEN, as Parent and Natural Guardian of AMB, a Minor; and TONYA JOHNSON, as Parent and Natural Guardian of ERA, a Minor; DAMION STEWART, Individually and as Parent and Natural Guardian of JDS, a Minor, and as Parent and Natural Guardian of MS, a Minor; | § | |
| Plaintiffs, | § | |
| vs. | § | Case No. 5:16-cv-51 |
| COFFEE COUNTY, Georgia; DOYLE WOOTEN, Individually and in his Official Capacity as Sheriff of Coffee County; and MICHAEL VICKERS, Individually and in his Official Capacity as Deputy Sheriff of Coffee County, Georgia; | § | |
| Defendants. | § | |

PLAINTIFFS' RESPONSE TO DEFENDANTS'

MOTION TO DISMISS

NOW COME Plaintiffs in the above styled cause, by and through their counsel of record, and file this Response to Defendants' Motion to Dismiss, together with an Affidavit of Ben B. Mills, Jr., Plaintiffs' counsel.

1.

On October 25, 2016, Defendants' filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b) (a), (2), (5), and (6), Defendants' also filed a Brief in support of their motion, and a Motion to Stay Discovery pending the motion for dismissal, contemporaneously with Defendants' Answers and Defenses.

2.

Whereas it is Defendants' contentions that this court lacks jurisdiction, Plaintiffs' aver as stated in Plaintiffs' Complaint, § II. Jurisdiction and Venue, ¶ 2. This complaint was filed pursuant to 28 U.S.C. § 1331, which states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

3.

Further, Plaintiffs' complaint was filed pursuant to 28 U.S.C. § 1343(a) (3), which states, "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

4.

Further, Plaintiffs' filed their suit pursuant to 28 U.S.C. § 1391 (b) (1), and (e) (1) which state as follows:

(b) Venue in General. A civil action may be brought in:

(1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(e) Actions Where Defendant Is Officer or Employee of the United States.

(1) In general. A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his "official capacity" or "under color of legal authority", or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

5.

In response to Defendants' Sovereign Immunity defense due to being an "Arm of the State"; please see OCGA § 50-21-23, which states as follows:

(a) The state waives its sovereign immunity for the torts of state officers and employees while 'acting within the scope of their official duties or employment and shall be liable for such torts' in the same manner as a private individual or entity would be liable under like circumstances; provided, however, that the state's sovereign immunity is waived subject to all exceptions and limitations set forth in this article. The state shall have no liability for losses resulting from conduct on the part of state officers or employees which was not within the scope of their official duties or employment.

(b) The state waives its sovereign immunity only to the extent and in the manner provided in this article and only with respect to actions brought in the courts of the State of Georgia.

6.

Defendants' Qualified Immunity defense does not apply as the Defendants' acted willfully and unreasonably. Although Defendant Vickers' negligently shot SDC, said Defendant did so

while violating Plaintiffs' clearly established constitutional right to be free from excessive use of force, in addition to the rights as stated in Plaintiffs' complaint, § IV. Deprivation of Rights; and with the willful and unreasonable intentions of shooting Plaintiffs' domesticated family pet.

7.

See *Whitfield v. Melendez-Revera*, 431 F.3d 1 (1st Cir. 2005) (citing *Santana v. Calderon*, 342 F.3d 18, 23 (1st Cir. 2003)). "Public officials are therefore entitled to qualified immunity *unless* the facts establish that their conduct violated a constitutional right that was "clearly established" at the time of the violation such that a reasonable officer would have known that the conduct at issue was unlawful." Also in *Whitfield v. Melendez*; "The jury entered a verdict for the plaintiffs, specifically finding that Lebrón and Mangomé "showed deliberate indifference in committing acts that violated [Whitfield's] right not to be subjected to excessive or unreasonable force during an arrest." In addition to compensatory damages, the jury awarded punitive damages, finding that "the defendants acted with malice or with intent or reckless indifference to violate" Whitfield's constitutional rights. In light of these findings, the district court denied qualified immunity for the police officers and entered judgment for the plaintiffs."

8.

In response to Defendants' defense that Plaintiffs' failed to identify any class based animus; Plaintiffs' case is filed under 42 U.S.C. § 1983, which broadly subjects local and state governmental actors, as well as local governmental entities, to liability for the violation of rights "secured by the Constitution and laws" of the United States. Such liability is not limited to laws that secure "equal protection," and thus encompasses constitutional violations outside the discrimination arena. Furthermore, 42 U.S.C. § 1983 is presumptively available to remedy violations of federal statutory law. See *Maine v. Thiboutot*, 448 U.S. 1 (1980). Plaintiffs'

complaint, having been filed under § 1983, is not subject to any class-based animus requirements as would be required under 42 U.S.C. § 1985(c) or 42 U.S.C. § 1981.

9.

Supervisory liability can be grounded on either the supervisor's direct participation in the unconstitutional conduct, *or* through conduct that amounts to condonation or tacit authorization. See *Camilo-Robles v. Zapata*, 175 F.3d 41, 44 (1st Cir.1999). Absent direct participation, a supervisor may only be held liable where "(1) the behavior of [his] subordinates results in a constitutional violation and (2) the [supervisor's] action or inaction was `*affirmatively link[ed]*' to the behavior in the sense that it could be characterized as `supervisory encouragement, condonation or acquiescence' or `gross negligence . . . amounting to deliberate indifference.'" *Hegarty v. Somerset County*, 53 F.3d 1367, 1379-80 (1st Cir.1995) (quoting *Lipsett v. Univ. of Puerto Rico*, 864 F.2d 881, 902-03 (1st Cir.1988)). Although the Coffee County Sheriff's office has yet to release any records pertaining to Defendant Vickers, said Defendant, through his *own* admissions during the Georgia Bureau of Investigations recorded interview, clearly has a history of misconduct involving the use of excessive force.

10.

In responding to Defendant's defense that Plaintiffs and their children were not seized; the allegations in Plaintiffs' complaint has clearly stated in Section IV, ¶ 26; citing *Doe v. Heck*, 327 F.3d 492, 510 (7th Cir.2003); see also *Jones v. Hunt*, 410 F.3d 1221, 1226 (10th Cir. 2005) and *California v. Hodari D.*, 499 U.S. 621, 628 (1991); "When the subject of the alleged seizure is a minor, the question is whether a reasonable child of the plaintiff's same age and maturity would have 'believed he was free to leave'. If not, he is 'seized' within the meaning of the Fourth Amendment."

11.

A claim that a law enforcement officer used excessive force in the course of an arrest, an investigatory stop, or any other seizure of a free citizen is to be analyzed under the Fourth Amendment and its reasonableness standard. *Graham v. Connor*, 490 U.S. 386 (1989); *Ortega v. Schram*, 922 F.2d 684, 694 (11th Cir. 1991).

Respectfully submitted this 30th day of November, 2016.

LAW OFFICE OF BEN B. MILLS, JR.

/s/ Ben B. Mills, Jr.
Ben B. Mills, Jr., Attorney for Plaintiffs
Georgia State Bar No. 509500
Post Office Box 408
Fitzgerald, Georgia 31750
benmills@millslawfirm.net

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| AMY CORBITT, Individually and as Parent and Natural Guardian of SDC, a Minor; JERRY RICH, Individually; ELIZABETH BOWEN, as Parent and Natural Guardian of AMB, a Minor; and TONYA JOHNSON, as Parent and Natural Guardian of ERA, a Minor; DAMION STEWART, Individually and as Parent and Natural Guardian of JDS, a Minor, and as Parent and Natural Guardian of MS, a Minor; | § | |
| Plaintiffs, | § | |
| vs. | § | Case No. 5:16-cv-51 |
| COFFEE COUNTY, Georgia; DOYLE WOOTEN, Individually and in his Official Capacity as Sheriff of Coffee County; and MICHAEL VICKERS, Individually and in his Official Capacity as Deputy Sheriff of Coffee County, Georgia; | § | |
| Defendants. | § | |

CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing (NEF), which was generated as a result of electronic filing.

Submitted this 30th day of November, 2016.

/s/ Ben B. Mills, Jr.
Ben B. Mills, Jr., Attorney for Plaintiffs
Georgia State Bar No. 509500

LAW OFFICE OF BEN B. MILLS, JR.
315 South Main Street
Post Office Box 408
Fitzgerald, Georgia 31750
(229) 423-4335 Phone
(229) 423-5742 Fax
benmills@millslawfirm.net