**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

| | | |
|---|---|---|
| AMY CORBITT, Individually and as Parent and Natural Guardian of SDC, a Minor; JERRY RICH, Individually; ELIZABETH BOWEN, as Parent and Natural Guardian of AMB, a Minor; and TONYA JOHNSON, as Parent and Natural Guardian of ERA, a Minor; DAMION STEWART, Individually and as Parent and Natural Guardian of JDS, a Minor, and as Parent and Natural Guardian of MS, a Minor, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No.: 5:16-cv-0051-LGW-RSB |
| COFFEE COUNTY, Georgia; DOYLE WOOTEN, Individually and in his Official Capacity as Sheriff of Coffee County; and MICHAEL VICKERS, Individually and in his Official Capacity as Deputy Sheriff of Coffee County, Georgia | ) | |
| Defendants. | ) | |

---

**SUPPLEMENTAL BRIEF OF PLAINTIFFS AMY CORBITT, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF SDC, A MINOR, JERRY RICH, INDIVIDUALLY AND ELIZABETH BOWEN, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF AMB, A MINOR, IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

**COME NOW**, the above-referenced Plaintiffs, and pursuant to this Court's instruction, file their Supplemental Brief as follows:

For qualified immunity to attach, Defendant Vickers must show that: 1) he did not violate clearly established constitutional rights of the Plaintiffs, and 2) under the circumstances, a reasonable officer would not have known that the alleged conduct violated those rights. Plaintiffs will show the Court that Defendants violated Plaintiffs' constitutional rights as protected by the

Fourth and Fourteenth Amendments to the United States Constitution and that a reasonable officer should have known that the conduct exhibited would violate those rights.

**A. Fourth Amendment**

Defendant Vickers did knowingly violate Plaintiffs' constitutional rights as protected by the Fourth Amendment. The Fourth Amendment to the United States Constitution provides, in part, that: "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . ." The United States Supreme Court has held that "[t]he Fourth Amendment's freedom from unreasonable searches and seizures includes the right to be free from excessive force during a criminal apprehension." Mercado v.City of Orlando, 407 F.3d 1152, 1156 (11th Cir. 2005) (citing Graham v. Conner, 109 S.Ct. 1865). It has been clearly established that the use of excessive force in carrying out an arrest and carrying out an arrest without probable cause both constitute violations of the Fourth Amendment. See Thornton v. City of Macon, 132 F.3d 1395 (11th Cir. 1998) *(*cites omitted*)*. In addition, district courts in this Circuit have determined that "an individual's interest in his or her pet dog does fall within the Fourth Amendment's protection against unreasonable seizures. Injury to a pet dog is the type of property damage that would be protected under the Fourth Amendment from an unreasonable seizure." Esterson v. Broward County Sheriff's Dep't, 2010 U.S.Dist. LEXIS 117490, *10 (S.D.Fla. 2010); see also Schutt v. Lewis, 2014 U.S.Dist. LEXIS 110633 (M.D.Fla. 2014). Defendant Vickers violated Plaintiffs' clearly established constitutional rights against unreasonable seizure and excessive force under the Fourth Amendment.

In violating Plaintiffs' protected constitutional rights, Defendants did not act in a "reasonable manner" as required by law. As the Supreme Court noted, "[t]he test of

reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." Bell v. Wolfish, 441 U.S. 520, 559 (1979). That Court later elaborated, "however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham v. Connor, 109 S.Ct. 1865, 1872 (1989); See Thorton, 132 F.3d at 1400 (11th Cir. 1998) (denying qualified immunity for police officers when the suspect did not commit a serious crime, pose a threat to the officers or others, or actively resist arrest). In addition, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 109 S.Ct. at 1865. The Eleventh Circuit Court of Appeals considers, "[i]n determining whether the officers' force was reasonable, . . . 'whether a reasonable officer would believe that this level of force is necessary in the situation at hand.'" Mercado v. City of Orlando, 407 F.3d 1152, 1157 (11th Cir. 2005). The Eleventh Circuit has recently recognized that the simple decision of "[a]n officer . . to point a gun at an unarmed civilian who objectively poses no threat to the officer or the public can certainly sustain a claim of excessive force." Croom v. Balkwill, 645 F.3d 1240, n. 17 (11th Cir. 2011) (emphasis added). Here, Plaintiffs were never suspects of any crime. Rather, most of them were children who were mere victims of their circumstance. Plaintiffs at no time posed an immediate threat to the safety of the officers or others. Plaintiffs did not resist arrest or attempt to evade arrest by flight. Additionally, the family pet did not pose any justifiable threat to Defendant. The dog was not approaching Defendant, was not acting aggressively and by all accounts, was attempting to make contact with its family members. Therefore, Defendant cannot reasonably justify his use of excessive force against Plaintiffs.

Defendant Vickers' actions were well outside a reasonable use of force, so as to amount to extreme and excessive force upon Plaintiffs. Defendant Vickers' use of excessive force upon unarmed, unsuspected children is behavior that cannot be tolerated in a civilized society.

> The district court properly denied the officers' motions for summary judgment on these claims. Neither [Plaintiff was] suspected of having committed a serious crime, neither posed an immediate threat to anyone, and neither actively resisted arrest. Under the circumstances, the officers were not justified in using *any* force, and a reasonable officer thus would have recognized that the force used was excessive. Therefore, the district court properly denied the officers' motions for summary judgment," (emphasis in original).

Thornton, 132 F.3d 1395 at 1400. The Supreme Court has acknowledged that there are cases of excessive force that simply "shock the conscience," stating: "[w]e first put the test this way in Rochin v. California, where we found the forced pumping of a suspect's stomach enough to offend due process as conduct 'that shocks the conscience' and violates the 'decencies of civilized conduct.'" County of Sacramento v. Lewis, 118 S.Ct. 1708, 1717 (1998). When children are playing outside, left to their own devises and are accosted by armed men, forced to the ground with guns in their backs, and who open fire on a non-threatening family pet, we as a civilized society ought to be shocked that our public officials feel this behavior is acceptable. In this situation, as in Thornton, no force was necessary. Therefore, the Court should truly have a "shocked conscience" and deny Defendant qualified immunity in this case.

For the unreasonable seizure claim under the Fourth Amendment, "an officer is entitled to qualified immunity where the officer had arguable probable cause, that is, where reasonable officers in the same circumstances and possessing the same knowledge as the Defendant[] could have believed that probable cause existed to arrest the [P]laintiffs." Thornton, 132 F.3d at 1399 (cites omitted). Defendant Vickers ordered Plaintiffs – non-suspects - to the ground, with his weapon drawn. They remained seized at gunpoint for an extended period of time. The subjects

of his directive were mostly children. Defendant Vickers had been fully briefed on the suspect's identity. Defendant cannot show there was any arguable probable cause to effectuate Plaintiffs' arrest. There is simply no justifiable reason Defendant Vickers had to arrest these children. The family pet showed no signs of aggression and there is no indication that Defendant faced any imminent threat from the dog. Similarly, Defendant Vickers can show no arguable probable cause for discharging his firearm at the family dog. In the light most favorable to the non-movants, a reasonable officer would or should have known that the alleged conduct would violate Plaintiffs' right to be free from unreasonable seizure. As such, Defendant Vickers should be denied qualified immunity.

### B. Fourteenth Amendment

Defendant Vickers did knowingly violate Plaintiffs' constitutional right as protected by the Fourteenth Amendment. The Fourteenth Amendment declares, in part, that "nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of laws." The Supreme Court of the United States declared that "[t]he security of one's privacy against arbitrary intrusion by the police – which is at the core of the Fourth Amendment – is basic to a free society. It is therefore implicit in 'the concept of ordered liberty' and as such enforceable against the States through the Due Process Clause." Wolf v. Colorado, 69 S.Ct. 1359, 1361 (1949) (overruled on other grounds). Defendants did violate Plaintiffs rights under the Fourteenth Amendment by forcibly seizing the children at gunpoint and attempting to deprive Plaintiffs of their property by shooting at the family dog without accusation or proper due process of law. Therefore, Defendant Vickers did knowingly and intentionally violate Plaintiffs' constitutional rights against arbitrary intrusion upon their privacy and property.

Respectfully submitted, this 6th day of September, 2017.


*<u>/s/ Ashleigh R. Madison</u>*
Ashleigh R. Madison
Georgia Bar No: 346027

Southeast Law, LLC
2107 Bull Street
Savannah, GA 31401
Phone: 912.662.6612
Fax: 877.417.2943

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing.

This, the 6th day of September, 2017.


*/s/ Ashleigh R. Madison*
Ashleigh R. Madison
Georgia Bar No: 346027

Southeast Law, LLC
2107 Bull Street
Savannah, GA 31401
Phone: 912.662.6612
Fax: 877.417.2943